IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:06-CR-36-BO-1

| | |
|---|---|
| RODNEY DEVON PETTAWAY, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This cause comes before the Court on petitioner's motion for a reduction of sentence pursuant to 28 U.S.C. § 3582(c). [DE 247]. For the reasons discussed below, the petitioner's motion is denied.

## BACKGROUND

On November 19, 2008, petitioner was sentenced to a term of 372 months' imprisonment following his conviction for conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base (crack) and 5 kilograms of cocaine, in violation of 21 U.S.C. § 846, (count one), and discharging a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (2) (count nine). He was sentenced to 252 months on count one and 120 months on count nine, to be served consecutively. In 2016, pursuant to 18 U.S.C. § 3582(c)(2), petitioner's sentence on count one was reduced to 168 months, in keeping with Amendments 780 and 782 of the United States Sentencing Guidelines, which at that time applied to petitioner.

## DISCUSSION

Petitioner's motion is denied because he does not have grounds for relief. At sentencing, petitioner was held responsible for 6.92 kilograms of cocaine base (crack). This gave him a base offense level of 38, resulting in a total offense level of 46, reduced to 43 under Application Note

2 of Chapter 5A. [PSR at 21]. Following his successful motion in 2016, his total offense level was reduced to 42, and his sentence was accordingly reduced.

Petitioner's motion now is based on an earlier amendment to the guidelines than he received relief from in 2016. Following 2010's Fair Sentencing Act, the Sentencing Commission amended the guidelines' effect on cocaine base offenses. A defendant's base offense level depends on the type of drug and the amount attributed to the defendant. U.S.S.G. § 2D1.1(a)(5),(c) (2015). The Drug Quantity Table indicates the different levels. U.S.S.G. § 2D1.1(c).

Amendment 750, effective November 1, 2011, lowered the base offense levels for different quantities of cocaine base. U.S.S.G. app. C, amend. 750. Amendment 782, effective November 1, 2014, again lowered the base offense levels for different quantities of cocaine base. U.S.S.G. supp. app. C, amend. 782. *See also United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). Both amendments were made retroactive. U.S.S.G. § 1B1.10(d).

Petitioner's motion for relief pursuant to Amendment 750 lacks merit, because his motion is based on the guideline changes to the amount of drugs he was found responsible for sentencing. Petitioner has already received a reduction based on the guideline changes to the amount of drugs he was held responsible. When his sentence was previously reduced pursuant to Amendment 782, is was done beyond the levels provided by Amendment 750.[1]

## CONCLUSION

Accordingly, for the foregoing reasons, petitioner's motion for reduction of sentence [DE

---

[1] The Court also notes that petitioner is no longer eligible for the relief he received pursuant to Amendment 782. In *Koons v. United States*, the Supreme Court held that retroactive changes to the guidelines do not provide an avenue for relief for defendants sentenced based on their mandatory minimums and substantial assistance to the government, not guideline ranges. 138 S.C. 1783, 1788 (2018).

2

247] is DENIED.

SO ORDERED, this 18 day of July, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE