IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:06-CR-36-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RODNEY DEVON PETTAWAY | ) | |

This matter is before the court on Rodney Devon Pettaway's ("Pettaway" or "defendant") motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [D.E. 290]. The government has responded in opposition to Pettaway's motion for compassionate release. In this posture, the motion is ripe for ruling and, for the reasons that follow, Pettaway's motion for compassionate release is denied.

BACKGROUND

On January 7, 2008, Pettaway pleaded guilty to conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base (crack) and 5 kilograms of cocaine, in violation of 21 U.S.C. § 846 (count one), and discharge of a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (count nine). On November 19, 2008, Pettaway was sentenced to a total of 372 months' imprisonment.[1] Specifically, Pettaway was sentenced to 252 months' imprisonment on count one and 120 months' imprisonment on count nine, to be served consecutively. On March 10, 2016, the court granted Pettaway's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and reduced Pettaway's sentence on count one to 168 months' imprisonment. Count nine remained the same, which produced a total sentence of 288 months' imprisonment. On November 18, 2019, the court granted Pettaway's motion for sentence reduction pursuant to 18 U.S.C. §

---

[1] This matter originally proceeded before Senior United States District Judge James C. Fox and was reassigned to the undersigned on July 28, 2017.

3582(c)(1)(B) and reduced Pettaway's sentence on count one to 144 months' imprisonment. Count nine remained the same, which produced a total sentence of 264 months' imprisonment. Pettaway's current projected release date is July 9, 2025.

Pettaway seeks compassionate release based upon his health conditions in conjunction with the risks arising from COVID-19. Specifically, Pettaway suffers from asthma. Pettaway contends that, in light of his health conditions, the risks arising from COVID-19 puts his life in serious jeopardy, and that qualifies as an extraordinary and compelling reason warranting relief under 18 U.S.C. § 3582(c)(1)(A).

The government argues that Pettaway has not presented extraordinary and compelling reasons warranting relief under 18 U.S.C. § 3582(c)(1)(A), and that the relief should also be denied based upon the 18 U.S.C. § 3553(a) factors.

## DISCUSSION

Subject to few exceptions, a sentence that has been imposed may not be modified. 18 U.S.C. § 3582(c). One exception to this general rule applies where a defendant qualifies for a reduction in his term of imprisonment, often referred to as compassionate release. 18 U.S.C. § 3582(c)(1)(A). Prior to the passage of the First Step Act on December 21, 2018,[2] the discretion to file a motion for compassionate release under § 3582(c)(1)(A) rested entirely with the Director of the Bureau of Prisons (BOP). Section 603 of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to provide that a defendant may request compassionate release from the sentencing court after exhausting his administrative remedies.

Compassionate release may be available to defendants where (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons has determined

---

[2] Pub. L. No. 115-391, 132 Stat. 5194.
2

that the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A reduction under either section must comport with the 18 U.S.C. § 3553(a) factors and applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A); United States v. Malone, 57 F.4th 167, 173 (4th Cir. 2023); Hargrove, 30 F.4th at 194. The section 3553(a) factors include, among others, the nature and circumstances of the offense and the history and characteristics of the defendant. See 18 U.S.C. § 3553(a).

On November 1, 2023, the Sentencing Commission amended its compassionate release policy statement. See U.S. Sent'g Comm'n, Adopted Amendments (Effective November 1, 2023), https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-November-1-2023 (last visited Nov. 2, 2023). The new policy statement expands the list of extraordinary and compelling reasons to include the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, whether the defendant was a victim of abuse, whether the defendant served an unusually long sentence, or any other reasons similar in gravity. See U.S.S.G. § 1B1.13(b). However, the new policy statement provides that changes in the law and the rehabilitation of the defendant, by itself, are not extraordinary and compelling reasons. See U.S.S.G. § 1B1.13(c)–(d). The new policy statement also provides that extraordinary and compelling reasons need not have been unforeseen at the time of sentencing. See U.S.S.G. § 1B1.13(e). The new policy statement does not relieve the court of its obligation to analyze the section 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A).

Here, even if the court were to assume that Pettaway has demonstrated extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A), compassionate release would be inappropriate upon consideration of the section 3553(a) factors. The nature and circumstances of the offense was serious. For approximately a decade, Pettaway was the leader and organizer of a drug trafficking organization in and around Edgecombe County, North Carolina. Pettaway was held responsible for 6.92 kilograms of cocaine base (crack). Following his initial arrest, Pettaway was released from custody and placed on pretrial supervision. Within weeks of his release, Pettaway conspired to kill a suspected federal witness against him. Pettaway and his co-conspirator went to the suspected federal witness' residence with firearms. The residence was occupied by two adults and three children, two of whom were under the age of two. Pettaway's co-conspirator fired multiple shots into the residence and one of the adults, a nineteen-year-old female and not the suspected federal witness, was struck in the wrist and chest by a bullet. The victim sustained life-threatening injuries and her left arm was permanently deformed. After a brief altercation, Pettaway and his co-conspirator fled the scene. Pettaway, who was driving, engaged law enforcement in a high-speed chase and endangered the lives of two small children. Eventually, Pettaway lost control of the vehicle and fled on foot. After several minutes, officers located and subdued Pettaway, who initially did not comply with their commands.

Pettaway's criminal history is also troubling. Pettaway has numerous prior drug convictions, including a conviction for felony possession with the intent to sell/deliver cocaine in Edgecombe County Superior Court.

Pettaway has made some positive efforts to better himself while incarcerated. Pettaway has completed numerous classes, earned his GED, participated in Narcotics Anonymous, and plans to study to become a diesel mechanic upon release. However, these factors do not

4

convince the court that a reduction in Pettaway's sentence is warranted considering Pettaway's criminal conduct, the two sentence reductions Pettaway has already received, the need to promote respect for the law, the need to protect society, and the need to deter future criminal activity. Having reviewed the entire record and considered the relevant factors, the court concludes that relief under § 3582(c)(1)(A) is not warranted.

## CONCLUSION

In sum, the court DENIES defendant's motion for compassionate release [D.E. 290]. For good cause shown, the court GRANTS the motion to seal [D.E. 302].

SO ORDERED, this 4 day of December, 2023.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE